FILED

2019 JUN 12 AM 11:30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADELAIDE TASSA-RACHA,

Plaintiff,

v.

R.T.G. FURNITURE CORP.,

Defendant.

Civil Action No.: 5:19-cv-291-oc-30PRL

## COMPLAINT

COMES NOW the Plaintiff, ADELAIDE TASSA-RACHA, ("PLAINTIFF"), and files this Complaint against Defendant, R.T.G. FURNITURE, CORP., ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of Title VII of the Civil Rights Act of 1964, the Florida Whistleblower Protection Act, and Florida Civil Rights Act.

2. At all relevant times, PLAINTIFF was a citizen and resident of Marion County, Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated a retail furniture store in Ocala, Florida which is where PLAINTIFF was employed at all relevant times.

## BACKGROUND

4. In January 2015, DEFENDANT hired PLAINTIFF to work as a salesperson and at all relevant times, PLAINTIFF was qualified to perform that job.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 42 U.S.C. §§ 12101, *et seq.*

7. In or around February 2015, a co-worker named James Edwards began a pattern of sexually harassing the Plaintiff. This included unwanted deliberate touching, leaning over PLAINTIFF, pinching PLAINTIFF, hugging her, clawing her with his fingernails, forcing her to hold his hand, massaging her neck and shoulders, placing his hands above her waist from behind, leering, repeatedly asking her out on dates, unwanted sexual comments and or questions including referring to PLAINTIFF as "beautiful," "sexy," and "the only woman he would select."

8. PLAINTIFF repeatedly told Mr. Edwards to stop touching her, but he refused, so in or around May 2015, PLAINTIFF reported Mr. Edwards to DEFENDANT'S Human Resources department.

9. Mr. Edwards was well-liked by DEFENDANT, so upon information and belief, he received no discipline. Instead DEFENDANT began a pattern of retaliation against PLAINTIFF that culminated in her retaliation in May 2016.

10. The retaliation included DEFENDANT ostracizing PLAINTIFF and giving her written disciplinary actions that were meritless and based on lies by sales team members, office staff and her assistant manager and store manager, all of whom sided with Mr. Edwards.

11. Throughout this time, sexual harassment and intimidation continued by Mr. Edwards which included him stalking and staring at PLAINTIFF, so PLAINTIFF continued to make complaints both verbally and in e-mails to DEFENDANT'S Human Resources Department, but DEFENDANT did nothing to help PLAINTIFF, instead retaliating against her.

12. PLAINTIFF also complained that she was being retaliated against, but DEFENDANT did nothing to remedy her situation.

13. PLAINTIFF has complied with all conditions precedent prior to bringing this action, including obtaining a Right to Sue letter and this action was timely filed within 90 days of receipt of that letter.

**COUNT I**
**TITLE VII- RETALIATION**

14. Paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

15. PLAINTIFF engaged in protected activity when she reported to DEFENDANT that she was being sexually harassed by James Edwards.

16. Because PLAINTIFF engaged in protected activity, she was subjected to a pattern of retaliation that culminated in her being terminated by DEFENDANT. In fact, PLAINTIFF complained about Mr. Edwards and that she was subjected to retaliation throughout her employment and complained in writing via an e-mail she sent to DEFENDANT'S Human Resources Department approximately two months before her termination.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT

17. Paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18. PLAINTIFF engaged in protected activity by reporting to DEFENDANT in writing what she in good faith believed to be illegal conduct on the part of her co-worker, James Edwards.

19. As described above, this illegal conduct included sexually harassing PLAINTIFF and retaliating against her when she reported it.

20. DEFENDANT claimed that it investigated PLAINTIFF'S complaints, but the illegal sexual harassment continued after DEFENDANT'S investigation. The retaliation started after PLAINTIFF first complained about sexual harassment and got worse throughout PLAINTIFF'S employment, culminating in her termination.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Florida Whistleblower Protection Act; for a trial by jury on all

issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT III**
**FLORIDA CIVIL RIGHTS ACT-SEXUAL HARASSMENT**

21. Paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

22. PLAINTIFF was subjected to unwelcome sexual harassment because of her gender.

23. The harassment as described above was severe and pervasive.

24. As the result of the above-described harassment, PLAINTIFF has suffered mental anguish, emotional distress, shame, embarrassment and humiliation and she continues to suffer these things.

WHEREFORE, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, back pay, lost fringe benefits, punitive damages, front pay if appropriate, compensatory damages, nominal damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

**COUNT IV**
**TITLE VII-SEXUAL HARASSMENT**

25. Paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

26. PLAINTIFF was subjected to unwelcome sexual harassment because of her gender.

27. The harassment as described above was severe and pervasive.

28. As the result of the above-described harassment, PLAINTIFF has suffered mental anguish, emotional distress, shame, embarrassment and humiliation and she continues

to suffer these things.

WHEREFORE, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, back pay, lost fringe benefits, punitive damages, front pay if appropriate, compensatory damages, nominal damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

**COUNT V**
**FLORIDA CIVIL RIGHTS ACT-RETALIATON**

29. Paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 of the General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

30. PLAINTIFF engaged in protected activity when she reported to DEFENDANT that she was being sexually harassed by James Edwards.

31. Because PLAINTIFF engaged in protected activity, she was subjected to a pattern of retaliation that culminated in her being terminated by DEFENDANT. In fact, PLAINTIFF complained about Mr. Edwards and that she was subjected to retaliation throughout her employment and complained in writing via an e-mail she sent to DEFENDANT'S Human Resources Department approximately two months before her termination.

WHEREFORE, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, back pay, lost fringe benefits, punitive damages, front pay if appropriate, compensatory damages, nominal damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

Dated: June 9, 2019

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF